UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE VEGETABLE GROWERS ASSOCIATION, INC.; A& J KIRBY FARMS, LLC; PORPIGLIA FARMS, INC.; CRIST BROS ORCHARDS, INC.; CAHOON FARMS, INC.; and LYNN-ETTE & SONS, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>KATHLEEN HOCHUL, in her official capacity as Governor of New York; LETITIA JAMES, in her official capacity as Attorney General of New York; JOHN WIRENIUS, in his official capacity as Chairperson of the New York Public Employment Relations Board; SARAH G. COLEMAN, in her official capacity as the Deputy Chair of the New York Public Employment Relations Board and an Administrative Law Judge of New York Public Employment Relations Board; MARIAM MANICHAIKUL, in her official capacity as the Director of the New York Public Employment Relations Board's Office of Private Employment Practices & Representation and an Administrative Law Judge of New York Public Employment Relations Board.<br><br>*Defendants.* | CASE NO. 23-CV-1044 |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiffs New York State Vegetable Growers Association, A&J Kirby Farms, LLC, Cahoon Farms, Inc., Crist Bros Orchards, Inc., Lynn-Ette & Sons Farms, Inc., and Porpiglia Farms, Inc., hereby apply to this Court for a temporary restraining order. a preliminary injunction, and a permanent injunction. Alternatively, Plaintiffs seek a stay of all enforcement activities by the Defendants with respect to the State Employment Relations Act ("SERA"), as amended by the Farm Laborers Fair Labor Act ("FLFLPA"), to allow the Agency and the Legislature time to amend the regulations and statutes to rectify the constitutional flaws and conform to federal law. In support of their Motion, Plaintiffs

submit the enclosed Brief and Memorandum of Law, Verified Complaint, and Exhibits to the Verified Complaint, and state as follows:

1.  Plaintiffs bring this action to restrain Defendants from enforcing the 2020 amendments to the State Employment Relations Act ("SERA"), which were enacted into law as part of the Farm Laborers Fair Labor Practices Act ("the FLFLPA") (collectively, the "Act"). *See* SERA § 701–718.

2.  As detailed in the accompanying Memorandum and Counts I through XI of the Verified Complaint, the Act and Defendants' related enforcement actions and threatened actions violate the Supremacy Clause, the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the First Amendment, and the Takings Clause of the Constitution of the United States.

3.  The Act also conflicts directly with the federal H-2A program. Collective bargaining cannot apply to temporary agricultural guestworkers on H-2A visas because their terms and conditions of employment are governed by specific, time-limited contracts required by federal law. Additionally, the Act contains an impermissibly broad definition of employee that has been interpreted to include workers present on term-limited visas. These workers are not "employees," but instead perform temporary services pursuant to limited government contracts. Not only do these workers have no guarantee of coming back to work at the farm annually, but federal law mandates that farms who utilize foreign H-2A workers make every effort to replace them with domestic workers before being allowed to participate in the program, which is required annually.

**REQUESTED RELIEF**

Pursuant to Fed. R. Civ. P. 65, Plaintiffs seek the following relief:

1. A temporary restraining order prohibiting Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order from engaging in enforcement activities against private sector agricultural employers and employees, including any and all activities related to the administration, operation, prosecution, interpretation, or enforcement of SERA, as amended by the FLFLPA, and including initiating and maintaining administrative proceedings.

2. A temporary restraining order prohibiting Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order from engaging in enforcement activities against Farm Plaintiffs, including any and all activities related to the administration, operation, prosecution, interpretation, or enforcement of SERA, as amended by the FLFLPA, and including initiating and maintaining administrative proceedings.

3. An expedited hearing to present evidence and arguments in support of the request for preliminary injunction.

4. A preliminary and permanent injunction prohibiting Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order from engaging in enforcement activities against private sector agricultural employers and employees, including any and all activities related to the administration, operation, prosecution, interpretation, or enforcement of SERA, as amended by the FLFLPA, and including initiating and maintaining administrative proceedings.

5. A preliminary and permanent injunction prohibiting Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order from engaging in enforcement activities against Farm Plaintiffs, including any and all activities related to the administration, operation, prosecution, interpretation, or enforcement of SERA, as amended by the FLFLPA, and including initiating and maintaining administrative proceedings.

6. Alternatively, an order staying the application and enforcement of SERA with respect to private sector agricultural employees and farm laborers, in order to allow the parties, the legislature, and regulators sufficient time to address and correct the issues set forth in this Complaint.

Respectfully submitted, this 2nd day of October, 2023,

*/s/Scott S. Allen Jr.*
Scott S. Allen Jr.
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: 716.853.5100
sallen@lippes.com

Joshua H. Viau
Ga Bar No.378557
*Pro Hac Vice Forthcoming*
Boris W. Gautier
GA Bar No. 152610
*Pro Hac Vice Forthcoming*
FISHER & PHILLIPS LLP
1230 Peachtree Street, N.E., Suite 3300
Atlanta, Georgia 30309
Tel. (404) 231-1400
jviau@fisherphillips.com
bgautier@fisherphillips.com

*Attorneys for Plaintiffs*
