UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NEW YORK STATE VEGETABLE
GROWERS ASSOCIATION, INC, A &
J KIRBY FARMS, LLC, PORPIGLIA
FARMS, INC., CRIST BROS.
ORCHARDS, INC., CAHOON
FARMS, INC., LYNN-ETTE & SONS,
INC.,

                            Plaintiffs,

v.
                            23-CV-1044 (JLS)

KATHLEEN HOCHUL, in her official
capacity as Governor of New York,[1]
LETITIA JAMES, in her official
capacity as Attorney General of New
York, JOHN WIERNIUS, in his
official capacity as Chairperson of the
New York Public Employment
Relations Board, SARAH G.
COLEMAN, in her official capacity as
the Deputy Chair of the New York
Public Employment Relations Board,
MARIAM MANICHAIKUL, in her
official capacity as the Director of the
New York Public Employment
Relations Boards Office of Private
Employment Practices &
Representation and an Administrative
Law Judge of New York Public
Employment Relations Board,

                            Defendants.

---

## DECISION AND ORDER

---

[1] On January 23, 2024, the Court acknowledged the parties' stipulation to dismiss Defendant Hochul, without prejudice, as a Defendant in this action. Dkt. 89. The Court will ask the Clerk of the Court to update the caption to reflect this change.

Plaintiffs, New York State Vegetable Growers Association, Inc., and five New York State farms, commenced this case on October 2, 2023. They allege thirteen claims against Defendants, New York State Attorney General Letitia James and three officials from the New York State Public Employment Relations Board ("PERB"). Plaintiffs claim that the 2020 amendments to the State Employment Relations Act, enacted as part of the Farm Laborers Fair Labor Practices Act, violate the United States Constitution in various ways. *See* Dkt. 1.

The same day, Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction ("PI"). Dkt. 2. After a status conference, the parties reached a stipulation regarding the TRO portion of Plaintiffs' motion and a briefing schedule on the PI portion of the motion. *See* Dkt. 22; Dkt. 23. They later agreed to several extensions of that schedule. *See* Dkt. 27; Dkt. 29; Dkt. 32. All briefing on Plaintiffs' motion now is complete, and the preliminary injunction hearing is scheduled for February 21, 2024.[2]

In addition to briefing from the parties, the Court allowed briefing from *amici* for both Plaintiffs and Defendants. Those submissions include three briefs from *amici* supporting Defendants, including one from United Farm Workers of America, and two briefs from *amici* supporting Plaintiffs. *See* Dkt. 82; Dkt. 83; Dkt. 85; Dkt. 99; Dkt. 106.

---

[2] The parties have agreed that the hearing will consist of the written record and oral argument, without any testimony.

2

United Farm Workers of America also moved to intervene. Dkt. 90. Plaintiffs opposed the motion (Dkt. 93), and United Farm Workers of America replied (Dkt. 105). Defendants do not oppose the motion. For the reasons below, the Court denies United Farm Workers of America's motion to intervene.

## DISCUSSION

United Farm Workers of America seeks both of-right and permissive intervention. Federal Rule of Civil Procedure 24 governs each type of intervention.

### I.  Of-right Intervention

Rule 24(a) requires the Court to permit intervention, "[o]n timely motion," by anyone who:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Courts in the Second Circuit interpret Rule 24(a)(2)[3] to require intervention when a movant: (1) files a timely motion; (2) asserts an interest related to the transaction underlying the action; (3) is situated so that, without intervention, the disposition of the action may impair or impede its ability to protect its interest; and

---

[3] United Farm Workers of America does not claim to have "an unconditional right to intervene [conferred] by federal statute" such that Rule 24(a)(1) would apply. *See* Dkt. 90.

3

(4) has an interest that the parties do not adequately represent. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).[4] The movant "has the burden of showing that representation may be inadequate," and "must at least overcome the presumption of adequate representation that arises when it has the same ultimate objective as a party to the existing suit." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

Evidence or allegations "of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001); *see also United States v. N.Y. City Hous. Auth.*, 326 F.R.D. 411, 417 (S.D.N.Y. 2018) (denying intervention as of right where proposed intervenors did "not show[] that the Government cannot adequately represent [their] interest," and did "not suggest that there [was] any evidence of collusion, incompetence, nonfeasance, or any other badges of inadequacy on the part of the Government").

United Farm Workers of America asserts that it satisfies all of the Rule 24(a)(2) criteria because: (1) its motion is timely; (2) its substantial interest in any relief resulting from this action includes defending certifications that the Plaintiff farms challenge, it is the only labor union certified—or seeking certification—to represent employees at the Plaintiff farms, the factual allegations include allegations against it and its representatives, and it has unique access to certain

---

[4] The Court omits internal quotation marks and internal citations from the citations in this decision and order.

4

information required to defend against Plaintiffs' claims; and (3) it cannot protect its interests because Defendants cannot—and have not—advocated for United Farm Workers of America because they are required to maintain neutrality in resolving disputes between employers and unions. *See* Dkt. 90, at 10–12.[5] Plaintiffs argue that United Farm Workers of America does not satisfy any of the requirements for of-right intervention. *See* Dkt. 93, at 6–11. In particular, they argue that Defendants and United Farm Workers of America share the interest of upholding the constitutionality of the challenged statute, and United Farm Workers of America's unhappiness with the stipulated TRO and desire to present additional facts do not mean that Defendants cannot adequately protect this shared interest. *See id.*

First, United Farm Workers of America's motion is timely. Perhaps it could have filed the motion sooner—for example, in October or November, when the Court set the original schedule on Plaintiffs' PI motion. But United Farm Workers of America moved to intervene before the preliminary injunction hearing, before Defendants responded to the complaint, and before any discovery or further motion practice. And United Farm Workers of America does not seek to adjourn the preliminary injunction hearing. Moreover, Plaintiffs identify no prejudice to them from a three-month delay in the motion to intervene. The motion therefore is timely.

---

[5] Page references to items on the docket are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

The Court will assume, for purposes of this motion, that United Farm Workers of America has an interest related to the outcome of this litigation. But that interest—ensuring that the challenged statute is upheld as constitutional—mirrors Defendants' interest. In other words, United Farm Workers of America has not demonstrated that this interest would suffer absent intervention.

United Farm Workers of America claims an interest in "preserving and defending . . . the PERB certifications that the individual Plaintiff farms are challenging," but Plaintiffs are not challenging the certifications in this lawsuit. *See* Dkt. 90, at 11. To be sure, Plaintiffs allege certain facts regarding organization efforts and administrative proceedings at the Plaintiff farms, some of which involve United Farm Workers of America. But Plaintiffs' claims relate to the question of whether the statute is constitutional. The requested relief accords with that question. Plaintiffs ask the Court to declare that the statute violates certain of their constitutional rights and to enjoin Defendants from enforcing the statute.

For the same reason, and because Plaintiffs do not seek relief from United Farm Workers of America, United Farm Workers of America need not "defend against allegations made against [it]." *Id.* To the extent that Defendants require information from United Farm Workers of America to respond to the complaint, they may collaborate to obtain the relevant information—as they did in responding to Plaintiffs' PI motion.

United Farm Workers of America's stated interest in "its right to organize farmworkers in New York in general," too, is tied to the constitutionality of the

6

statute. *See id.* The challenged statute governs collective bargaining for farmworkers in New York. Defendants maintain that the statute does not violate Plaintiffs' constitutional rights. If Defendants prevail, they may continue enforcing the statute, allowing United Farm Workers of America to organize farm workers in the state.

For these reasons—and because United Farm Workers of America submitted a lengthy *amicus* brief, which this Court has studied and will consider when resolving Plaintiffs' PI motion—the Court cannot conclude that United Farm Workers of America's interest will be impaired absent intervention.

Nor can the Court conclude that Defendants will not adequately represent United Farm Workers of America's interest in this case. As explained above, Defendants' interest in defending the statute aligns with United Farm Workers of America's interest, and the outcome of this case will not involve any findings as to United Farm Workers of America or its conduct. It therefore matters little that some of the Defendants in this case "cannot advocate for" United Farm Workers of America. *See id.* at 12.

To the extent that the stipulated TRO adversely affected an interest of United Farm Workers of America, that order necessarily will expire within two weeks of the February 21 hearing. *See* Dkt. 22, at 1–2; Dkt. 23, at 1–2. United Farm Workers of America has not identified any future aspect of this case—in other words, any part of the case that its intervention would affect—regarding which Defendants will not adequately protect its interest. *See Nat. Res. Def. Council, Inc.*

*v. N.Y. State Dep't of Env'tl Conservation*, 834 F.2d 60, 61–62 (2d Cir. 1987) ("A putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party. So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented.").

*In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022), does not require a different result. There, unlike here, the plaintiffs' lawsuits involved claims against individual police officers and alleged specific instances of wrongdoing by those officers to support those claims. *See id.* at 796. The court focused on the union-intervenor's "interest in the safety of front-line officers"—not on its interest in collective-bargaining rights. *Id.* at 799–803. The union-intervenor cited specific examples of how the municipal defendants' interests in defending against the lawsuits conflicted with those of the union's members. *See, e.g., id.* at 803 ("[T]he Mayor of the City announced that he . . . couldn't agree more than there are pressing reforms that must—and will—be made this year."); *id.* at 803–04 ("[T]he defense of individual damages actions is not comparable to the defense of a high-profile, politically charged litigation seeking reforms."); *id.* at 804 ("[I]f the conduct alleged is found to violate any rule or regulation of the NYPD, . . . the City will have grounds to withhold indemnity."). In sum, the specific concerns

8

at issue in *In re New York City Policing* do not exist here, and that case does not support intervention by United Farm Workers of America.

For these reasons, the Court denies Workers United's request to intervene under Rule 24(a).

## II. <u>Permissive Intervention</u>

Under Rule 24(b), the Court may permit anyone to intervene who timely moves and "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Whether to permit intervention under Rule 24(b) is "wholly discretionary with the trial court," and that discretion "is very broad." *Brennan*, 579 F.2d at 191, 192. When deciding whether to exercise discretion, courts consider the same factors relevant to the of-right intervention analysis. *See Penn-Star Ins. Co. v. McElhatton*, 818 F. App'x 67, 70 (2d Cir. 2020). In addition, courts may consider "the nature and extent of the intervenor['s] interests" and whether the intervenor "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Brennan*, 579 F.2d at 191–92.

As to permissive intervention, United Farm Workers of America relies on its arguments for of-right intervention and adds that its defense of allegations against

9

it share a common question of law or fact with the claims in this case. *See* Dkt. 90, at 13. Plaintiffs argue that United Farm Workers of America does not have any independent claim against Defendants. *See* Dkt. 93, at 11–12.

The Court agrees that United Farm Workers of America has not identified a claim or defense that shares a common issue of fact or law. The desire to be heard on factual allegations involving United Farm Workers of America does not amount to a defense. This reason, alone, is enough to deny permission to intervene under Rule 24(b). But the factors discussed above also counsel against permissive intervention. *See supra* Section I.

The Court therefore denies United Farm Workers of America's request to intervene under Rule 24(b).

## CONCLUSION

For these reasons, the Court DENIES United Farm Workers of America's motion to intervene (Dkt. 90). The Clerk of the Court shall update the caption to reflect that Defendant Hochul has been dismissed as a Defendant.

SO ORDERED.

Dated:   February 16, 2024
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE