UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NEW YORK STATE VEGETABLE
GROWERS ASSOCIATION, INC, A &
J KIRBY FARMS, LLC, PORPIGLIA
FARMS, INC., CRIST BROS.
ORCHARDS, INC., CAHOON
FARMS, INC., LYNN-ETTE & SONS,
INC.,

          Plaintiffs,

v.

                    23-CV-1044 (JLS)

LETITIA JAMES, in her official
capacity as Attorney General of New
York, JOHN WIERNIUS, in his
official capacity as Chairperson of the
New York Public Employment
Relations Board, SARAH G.
COLEMAN, in her official capacity as
the Deputy Chair of the New York
Public Employment Relations Board,
MARIAM MANICHAIKUL, in her
official capacity as the Director of the
New York Public Employment
Relations Boards Office of Private
Employment Practices &
Representation and an Administrative
Law Judge of New York Public
Employment Relations Board,

          Defendants.

---

## DECISION AND ORDER

  Plaintiffs, New York State Vegetable Growers Association, Inc., and five New York State farms, commenced this case on October 2, 2023. They allege thirteen claims against Defendants, New York State Attorney General Letitia James and three officials from the New York State Public Employment Relations Board.

Plaintiffs claim that the 2020 amendments to the State Employment Relations Act, enacted as part of the Farm Laborers Fair Labor Practices Act, violate the United States Constitution in various ways. *See* Dkt. 1.

Plaintiffs also moved for a temporary restraining order ("TRO") and preliminary injunction ("PI"). Dkt. 2. Defendants opposed the PI portion of Plaintiffs' motion,[1] supported by a memorandum of law and seven declarations and their associated exhibits. Dkt. 35–Dkt. 61. Among those declarations are the declarations of John F. Wirenius (Dkt. 35-1), Mariam Manichaikul (Dkt. 35-2), and Sarah G. Coleman (Dkt. 37). Plaintiffs replied in further support of their PI motion. Dkt. 94. The preliminary injunction hearing is scheduled for February 21, 2024. The parties agreed that the hearing will consist of the written record and oral argument, without any testimony.

Less than two weeks ago, Plaintiffs moved to strike the Wirenius, Manichaikul, and Coleman Declarations. Dkt. 92. Defendants responded (Dkt. 109), and Plaintiffs replied (Dkt. 112).

Plaintiffs ask the Court to strike the Wirenius, Manichaikul, and Coleman Declarations because those documents (1) "improperly raise legal arguments and opinions not based on the declarants' personal knowledge," and (2) "include hundreds of pages of citations to legal authority and conclusions of law," in an "attempt to circumvent the page limits of [Defendants' opposition to Plaintiffs' PI

---

[1] After a status conference, the parties reached a stipulation regarding the TRO portion of Plaintiffs' motion. *See* Dkt. 22; Dkt. 23.

motion.]" Dkt. 92-1, at 1–2.[2] Defendants argue that the challenged declarations properly "provide factual and procedural background relevant to Defendants' opposition to Plaintiffs' [PI motion]" and distinguish the caselaw Plaintiffs cite. Dkt. 109, at 5. As an alternative to striking the challenged declarations, Defendants ask the Court to disregard any portions of the declarations that it determines violate the governing rules. *Id.*

The Court is not aware of any authority requiring it to strike the challenged declarations under these circumstances. It is capable of reading the challenged declarations, identifying any portions of those declarations that are improper or lack evidentiary value, and disregarding any such portions. Because the Court can—and will—do so here, striking the challenged declarations is unnecessary.[3]

For these reasons, the Court DENIES Plaintiffs' motion to strike the Wirenius, Manichaikul, and Coleman Declarations.

SO ORDERED.

Dated:   February 16, 2024
         Buffalo, New York

                                          JOHN L. SINATRA, JR.
                                          UNITED STATES DISTRICT JUDGE

---

[2] Page references to docket items are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

[3] To the extent that the Court relies on any specific portions of the challenged declarations in resolving Plaintiffs' PI motion, it will identify them.