# DEFINITIONS

**(Statutory authority: Labor Law, art. 20)**
**Effective February 10, 2016**

# §Part 250

# §250.1 Use of terms.

The terms *person, employer, employees, representatives, labor organization, company union, unfair labor practice* and *labor dispute*, as used herein, shall have the meanings set forth section 701 of the New York State Employment Relations Act.

# §250.2 Act; board; filing.

The term *SERA*, as used herein, shall mean the New York State Employment Relations Act, and the term *board* shall mean the New York State Public Employment Relations Board. The term *filing* shall mean delivery to the board or an agent thereof, or the act of mailing to the board, or deposit of the papers enclosed in a properly addressed wrapper into the custody of an overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery. The term *service*, as used in this Part, shall mean delivery to a party or the act of mailing to a party, or deposit of the papers enclosed in a properly addressed wrapper into the custody of an overnight delivery service for overnight delivery, prior to the latest time designated by the the overnight delivery service for overnight delivery. Nothing in this Part shall preclude the board from instituting an electronic filing system.

# §250.3 Director and Director of Conciliation.

The term *director* shall mean the agent of of the board designated as a director of public employment practices and representation. The term *director of conciliation* shall mean the agent of the board so designated.

# §250.4 Counsel.



The term *counsel*, shall mean the agent of the board so designated.

# §250.5 Administrative law judge.

The term *administrative law judge*, shall mean an agent of the board, so designated and shall include the director and assistant director of of public employment practices and representation.

# §250.6 Parties.

The term *party* or *parties* as used herein in connection with proceedings under section 706 of the Act, shall mean the respondent-employer, or employers, multiple employers, the person or organization making the charge, and any other persons or labor organizations whose intervention in the proceeding has been permitted by the board or administrative law judge, except as limited by the board or administrative law judge in granting such permission. As used herein in connection with proceedings under section 705 of the Act *party* or *partie*s shall mean the employer, or employers, multiple employers, the person or labor organization filing the petition, any other person or organization designated in the notice of hearing and served therewith, and any other persons or labor organizations whose interventions have been permitted by the board or administrative law judge, except as limited by the board or administrative law judge in granting such permission.

# §250.7 Electronic filing and service.

(a) Notwithstanding any provisions of this Chapter to the contrary, the director or administrative law judge before whom a matter is pending may permit the electronic filing and electronic service of any or all pleadings or related documents by and upon a party to a proceeding if such party expressly so consents in a form provided by the board to electronic service. Such permission and consent must be on notice to all parties.

(b) Notwithstanding any provisions of this Chapter to the contrary, the Chairperson, in consultation with the board, may generally authorize the electronic service and/or filing of any documents for any or all proceedings before it or before an administrative law judge provided that: such general authorization is posted on the board's website and such general authorization becomes effective

no sooner than sixty days from the date of such posting; provision is made to permit unrepresented individuals to choose to file and receive all pleadings, memoranda, correspondence and any case-related information in paper form; and the board or its designees retain discretion in determining whether to grant the application of a party to file and serve in paper form due to hardship, inability to comply with the procedure, or other good cause shown.

c)The term *electronic filing*, as used in this Chapter, shall mean a document submitted by electronic mail to an address specified by the agency on its website, or by other means specified by the agency on its website. Such documents shall be: (i) in a format that can be read using software that is readily available and is in widespread use by government, businesses and individuals; and (ii) electronically searchable unless the party providing the document certifies in a written attachment to document served and/or in any required proof of service that it does not have the capacity to produce a searchable file.

d)The term *electronic service*, as used in this Chapter, shall mean delivery before the latest time designated for service by electronic mail to a party sent to an electronic mail address designated by the recipient. Electronic service is deemed complete upon sending unless an error message or other notification that the served document has not been successfully dispatched or received is returned, in which case the service is null and void.

(e) In any matter in which electronic filing is authorized by the Chairperson, compliance with the filing and service requirements contained in this Chapter will be deemed to have been met by the filing of one signed original paper document, and electronic filing of a complete and accurate copy of the document in conformity with the requirements of this subparagraph.

# §Part 251 PROCEDURE UNDER SECTION 705 OF SERA FOR INVESTIGATION AND CERTIFICATION OF REPRESENTATIVES

## §PETITION

## §251.1 Petition; filing.

A petition for investigation pursuant to section 705 of SERA may be filed with the board by employees, employers or their representatives. The petition shall be in writing. The original shall be

signed and verified before any person authorized to administer an oath. The original and four copies of the petition shall be filed with the director. Petition forms will be supplied by the board upon request.

# §251.2 Petition of employee or representative; contents.

A petition when filed by an employee or his representative shall contain:

(a) the name and address of the petitioner;

(b) the name and address of the employer or employers concerned and the general nature of the business and the approximate number of employees;

(c) the approximate percentage and volume of sales to and purchases from, points outside New York State, and any other facts concerning interstate commerce, if any, and whether the National Labor Relations Board has accepted or declined jurisdiction over the employer. If such information is unknown to the petitioner, the petition shall so state;

(d) the classification of employees in the bargaining unit or units claimed to be appropriate, the number of employees therein, the names and addresses of any other individuals or labor organizations who claim to be the representatives of any of the employees in the alleged bargaining unit or units;

(e) an allegation that a question or controversy exists concerning representation and a concise statement setting forth the nature thereof;

(f) a request that the board certify the petitioner as the collective bargaining representative of the employees within the bargaining unit or units claimed to be appropriate.

# §251.3 Petition of employer or representative; contents.

Such petition, when filed by an employer shall contain:

(a) the names and address of the petitioning employer;

(b) the general nature of the business and the approximate number of employees;

(c) the approximate percentage and volume of sales to and purchases from, points outside New York State and any other facts concerning interstate commerce, if any;

(d) the classification of employees in the bargaining unit or units claimed to be appropriate, and the number of employees employed in such bargaining unit or units;

(e) the names and addresses of any individuals or labor organizations who claim to represent any of the employees in the alleged bargaining unit or units;

(f) an allegation that a question or controversy exists concerning representation and a concise statement setting forth the nature thereof.

# §251.4 Sufficiency of petition.

No petition in a proceeding under section 705 of SERA shall be dismissed for failure of the petitioner to set forth in the petition all the information required.

# §251.5 Notice of pending petitions.

Upon the filing of a petition under section 705 of SERA, notice thereof, including the date when such petition was filed, the name and address of the employer affected and the nature of his business, the unit claimed to be appropriate and the name of the person or organization filing the same, shall be maintained by an agent of the board on a public docket kept by the board at its principal office.

# §251.6 Petition; withdrawal or amendment.

At any time before the issuance of a notice of hearing on a petition for investigation and certification, the board may permit the amendment of the petition or its withdrawal in whole or in part. At any time after the issuance of such notice of hearing, the administrative law judge, upon motion, may permit withdrawal of the petition in whole or in part, and the administrative law judge may permit amendment thereof.

# § 251.7 Response. ⌃

Except for the petitioner, all parties shall file with the director within 10 working days after receipt of a copy of the petition from the director, an original and three copies of a response to the petition containing a signed declaration of its truthfulness by an identified representative of the responding party, with proof of service of a copy thereof upon all other parties. The response shall include a specific admission, denial or explanation of each allegation made by the petitioner, a description of the unit claimed to be appropriate by the responding party for the purpose of collective bargaining and a clear and concise statement of any other facts which the responding party claims may affect the processing or disposition of the petition.

# §INVESTIGATION AND ELECTIONS

# §251.15 Investigation; ascertainment of desires of employees; notice.

(a) In the course of its investigation of a question or controversy concerning representation, the board may certify a labor organization as the exclusive representative for purposes of collective bargaining when the labor organization demonstrates a showing of majority support by employees in an appropriate unit for purposes of collective bargaining. The director shall ascertain employee choice of a labor organization on the basis of dues deduction authorization and other evidence, or if necessary by conducting an election under section 705(1) of SERA. When a hearing has been directed, the director shall prepare and cause to be served upon the parties a notice of hearing before an administrative law judge, at a time and place fixed therein. A copy of the petition shall be served with the notice of hearing.

(b) The determination by the director that the indications of employee support are not sufficient for certification without an election is a ministerial act and will not be reviewed by the board. The director shall inform all parties in writing if the director determines that the indications of employee support are sufficient for certification without an election. The director's determination in this respect is reviewable by the board pursuant to a written objection to certification filed with the board by a party within five working days after its receipt of the director's notification. An objection to certification shall set forth all grounds for the objection with supporting facts and shall be served on all parties to the proceeding. A response to the objection may be filed within five working days after a party's receipt of the objection.

# §251.16 Elections; terms and conditions. 

If the director determines, as part of its investigation of a question or controversy concerning representation, that an election or elections by secret ballot is necessary, the director shall provide that such election or elections be conducted by an agent of the board at such time and place and upon such terms or conditions as he or the board may specify.

# §251.17 Determination of representatives on consent.

Subject to the approval of the director, the parties to a representation proceeding may waive a hearing and agree on the method by which the board shall determine the question of representation.

# §251.18 Decision by administrative law judge.

Upon completion of proceedings, the administrative law judge shall issue a decision and submit the record of the case to the board. The record shall include the petition, response, notice of hearing, motions, rulings, orders, stenographic report of the hearing, stipulations, exceptions, documentary evidence, any briefs or other documents submitted by the parties, objections to the conduct of an election or conduct affecting the results of an election, and the decision of the administrative law judge. Exceptions to a decision by an administrative law judge may be filed pursuant to section 253.48 of this Part.

# §CERTIFICATIONS

# §251.25 Certification of representatives.

The board, upon the completion of its investigation, shall certify to the parties the name or names of the representatives selected, if any, or make other disposition of the matter.

# §251.26 Certification; life of; exceptions.

When a representative has been certified by the board, such certification shall remain in effect for one year from the date thereof, and thereafter until such time as it shall be made to appear to the board that the certified representative does not represent a majority of the employees within an appropriate unit. In any case where unusual or extraordinary circumstances require such action, or where probable cause is shown that such action may be necessary to prevent the occurrence or continuation of an unfair labor practice, the board, in its discretion, may shorten or extend the life of the original certification. When the board shall find that during the life of a certification the employer has refused to bargain collectively with the certified representative, the time of the continuance of such refusal to bargain shall not be a part of the time limited in computing the life of the certification.

# §PART 252 PROCEDURE UNDER SECTION 706 OF SERA FOR PREVENTION OF UNFAIR LABOR PRACTICES

## §CHARGE

## §252.1 Charge.

A charge that any employer has engaged in or is engaging in any unfair labor practice may be made by any person or labor organization.

## §252.2 Charge; form; filing.

A charge shall be in writing. The original shall be signed and verified before any person authorized to administer an oath. The original and three copies of the charge shall be filed with the director. Charge forms will be supplied by the board upon request.

## §252.3 Contents of charge.

A charge shall contain:

(a) the full name and address of the person or labor organization making the charge;

(b) the full name and address of the employer or employers against whom the charge is made;

(c) upon information and belief, the general nature of the employer's business, the approximate number of its employees, the approximate percentage and volume of sales to and purchases from, points outside New York State, and any other facts concerning interstate commerce, if any; and whether the National Labor Relations Board has accepted or declined jurisdiction over the employer.

(d) an enumeration of the subdivision or subdivisions of section 704 and 704-a of SERA which are alleged to have been violated by the employer or employers, and, in the event it is alleged that any employee has been discharged, refused employment, or suffered discrimination in violation of SERA, the name of such employee.

## §252.4 Charge; ammendment and withdrawals.

The director or administrative law judge designated by the director may permit a charging party to amend the charge before, during or after the conclusion of the hearing upon such terms as may be deemed just and consistent with due process. The charge may be withdrawn by the charging party before the issuance of the dispositive decision and recommended order based thereon upon approval by the director. Thereafter, the unfair labor practice proceeding may be discontinued only with the approval of the board. Requests to the director to withdraw an unfair labor practice charge or to the board to discontinue an unfair labor practice proceeding will be approved unless to do so would be inconsistent with the purpose and policies of SERA or due process of law. Whenever the director approves the withdrawal of a charge, or the board approves the discontinuation of a proceeding, the case will be closed without consideration or review of any of the issues raised by the charge.

# §ANSWER

# §252.25 Answer; motion for particularization; filing; service.

(a) The party or parties against whom the charge is filed shall have the right to file an answer within ten working days after receipt of the charge from the director. Upon application the director or administrative law judge may extend the time within which the answer shall be filed. One copy

of the answer shall be served on each party and the original with proof of due service and three copies shall be filed with the director.

(b) If the charge is believed by a responding party to be so vague and indefinite that it cannot reasonably be required to frame an answer, the responding party may, within 10 working days after receipt from the director of a copy of the charge, file an original and three copies of a motion with the administrative law judge for an order directing the charging party to file a verified statement supplying specified information. The filing of such motion will extend the time during which the responding party must file and serve its answer until 10 working days after receipt of the ruling of the administrative law judge on the motion, or until such later date as the administrative law judge may set. Such a motion must be served upon all parties simultaneously with its filing with the administrative law judge; proof of service must accompany the filing of the motion with the administrative law judge. The charging party may file an original and three copies of a response to the motion within seven working days after its receipt thereof, with proof of service of a copy of the response on all other parties. The failure of a party to timely comply with an order of particularization may, in the discretion of the administrative law judge, constitute ground for precluding the party from offering any evidence as to the matters dealt with by the order.

## §252.26 Answer; verification.

The answer shall be verified by the party filing it.

## §252.27 Answer; denials.

The answer shall contain a specific denial of each allegation of the charge controverted by the party filing the answer, or of any knowledge or information thereof sufficient to form a belief. An allegation in the charge not specifically denied in the answer, unless the party asserts that it is without knowledge or information thereof sufficient to form a belief, shall be deemed admitted.

## §252.28 Answer; defense; new matter; motion for particularization.

(a)The answer shall contain a concise statement of the facts constituting the grounds of defense. Allegations of new matter in the answer shall be deemed denied without the necessity of a reply.

(b) If the statement of facts supporting any affirmative defense is believed by a charging party to be so vague and indefinite that such charging party cannot reasonably be expected to address them in an expeditious manner at a hearing, such charging party may, within 10 working days after receipt of the answer, file with the administrative law judge an original and three copies of a motion for an order directing the responding party to file a verified statement supplying specified information. Such a motion must be served upon all parties simultaneously with its filing with the administrative law judge; proof of service must accompany the filing of the motion with the administrative law judge. The responding party may file an original and three copies of a response to the motion within seven working days after its receipt thereof, with proof of service of a copy of the response on all other parties. The failure of a party to timely comply with an order of particularization may, in the discretion of the administrative law judge, constitute ground for precluding the party from offering any evidence as to the matters dealt with by the order.

## §252.29 Answer; amendment.

In the discretion of the director or the administrative law judge, an answer may be amended upon motion of the party filing it, upon due notice to all parties, at any time before the issuance of the final decision and order.

## §252.30 Answer; failure to file.

If the party or parties against whom the charge is issued fails to file an answer in the manner and within the time herein provided, it may be limited to cross-examination of witnesses called by the charging party and shall have such other rights as the administrative law judge may deem proper.

## §252.31 Pleadings; construction.

All pleadings shall be liberally construed.

# §PART 253 GENERAL PROVISIONS RELATING TO ALL PROCEEDINGS

# §JOINDER

# §253.1 Parties; nonjoinder and misjoinder.    ︿

No proceeding will be dismissed because of nonjoinder or misjoinder of parties.

Upon motion of any party or board's attorney, parties may be added, dropped or substituted at any stage of the proceedings, upon such terms as may be deemed proper.

# §253.2 Joinder of parties; relief.

All persons and entities alleged to have engaged in any unfair labor practices may be joined as parties, whether jointly, severally, or in the alternative, and a decision may be rendered against one or more of them, upon all of the evidence without regard to the party by or against whom such evidence has been introduced.

# §MOTIONS

# §253.5 Motions during hearing.

All motions made during a hearing, except as otherwise provided, shall be made orally at the hearing and shall be decided by the administrative law judge. All such motions and the rulings and orders thereon shall be part of the record of the proceeding.

# §253.6 Motions before or after hearing.

All motions, other than those made during a hearing, shall be made in writing to the director or the designated administrative law judge, shall briefly state the relief sought and shall be accompanied by affidavits setting forth the grounds for such motion.The moving party shall serve copies of all motion papers on all other parties and shall within three days thereafter file the original and three copies thereof with proof of service with the director or the designated administrative law judge. Answering affidavits, if any, must be served on all parties, and the original thereof together with three copies and proof of service shall be filed with the director or the designated administrative law judge within three working days after service of the moving papers unless directed otherwise. All such motions shall be decided by the director or the designated administrative law judge upon the papers filed with it.

# §WAIVER



## §253.10 Objections; waiver.

An objection not duly urged before the board, director or designated administrative law judge shall be deemed waived unless the failure to urge such objection shall be excused by the board because of extraordinary circumstances.

# §INTERVENTION

## §253.15 Procedure; contents; filing; service.

A person, employer or labor organization desiring to intervene in any proceeding shall file with the director or the designated administrative law judge a verified written application and three copies thereof, setting forth the facts upon which such person, employer or organization claims an interest in the proceeding. Such application must be served on all parties. Applications must be filed with the director or the designated administrative law judge with proof of service at least two days before the first hearing. Failure to serve or file such application, as above provided, shall be deemed sufficient cause for the denial thereof, unless good and sufficient reason exists why it was not served or filed as herein provided. The director or the designated administrative law judge shall rule upon all such applications and may permit intervention to such an extent and upon such terms as he shall determine may effectuate the policies of SERA.

# §CONSOLIDATION OR SEVERANCE

## §253.20 Consolidation; severance.

Two or more proceedings under sections 705 and 706 of SERA, or either, may be consolidated by the director or the designated administrative law judge. Such proceedings may be severed by the director or designated administrative law judge in their discretion.

# §WITNESSES AND SUBPEONAS

# §253.25 Witnesses; examinations; record; depositions.

Witnesses at all hearings shall be examined orally under oath or affirmation, and a record of the proceeding shall be made and kept by the board. If any witness resides outside the State or through illness or other cause is unable to testify before the board or its member, agent or agency conducting the hearing or investigation, his or her testimony or deposition may be taken within or without this State, in such form as may be directed. All applications for taking such testimony or deposition must be made by motion.

# §253.26 Subpoenas.

Subpoenas under this subpart shall be subject to paragraph (k) of subdivision five of section two hundred five of the civil service law and the rules and regulations promulgated under paragraph (l) of subdivision five of section two hundred five of the civil service law.

# §CONFERENCES AND HEARINGS

# §253.35 Conferences and hearings; conduct.

(a) Prior to the scheduled date of any hearing, the designated administrative law judge shall hold a conference with the parties to the proceeding. The failure of a party to appear at the conference may, in the discretion of the administrative law judge, constitute ground for dismissal of the absent party's pleading.

(b) Hearings shall be conducted by a designated administrative law judge. At any time, an administrative law judge may be designated to take the place of the administrative law judge previously designated to conduct the hearing. All hearings shall be open to the public.

# §253.36 Hearings; powers and duties of administrative law judge.

During the course of any hearing, the administrative law judge, in addition to the other powers specifically conferred upon him or her, and subject to the limitations imposed upon him or her by

this Subpart, shall have full authority to control the conduct and procedure of the hearing and the record thereof, to admit or exclude testimony or other evidence, and to rule upon all motions and objections. It shall be the duty of the administrative law judge to see that a full inquiry is made into all the facts in issue and to obtain a complete record of all facts necessary for a fair determination of the issues. The administrative law judge shall have the right to call and examine witnesses, to direct the production of papers or other matter present in the hearing room, and to introduce documentary or other evidence, except as may otherwise be limited herein.

## §253.37 Hearings; rights of parties.

In any hearing all parties shall have the right to call, examine and cross-examine witnesses, and to introduce documentary or other evidence, subject to the rulings of the administrative law judge, except as otherwise provided in this Subpart.

## §253.38 Hearings; stipulations.

At a hearing, stipulations may be introduced in evidence with respect to any issue, where such stipulation has been joined in by all parties.

## §253.39 Hearings; continuation of.

The administrative law judge may continue a hearing from day to day or adjourn it to a later date or to a different place by announcement thereof at the hearing or by other appropriate notice.

## §253.40 Hearings; contemptuous conduct.

The administrative law judge may exclude from the hearing room or from further participation in the proceeding any person who engages in contemptuous conduct before him.

## §253.41 Hearings; oral argument or briefs; unfair labor practice cases.

In a proceeding under section 706, the administrative law judge may permit the parties to argue orally at the close of the hearing or to file briefs or written statements The time for oral argument

or filing briefs or memoranda shall be fixed by the administrative law judge. Argument shall not be included in the stenographic report unless the administrative law judge shall so direct.

# §253.42 Hearings; oral argument or brief; representation cases.

At the close of hearings in a proceeding under section 705, the administrative law judge shall permit the parties to file briefs or written statements, which shall be addressed and submitted to the board. The time for filing such briefs or written statements shall be fixed by the administrative law judge. An original and three copies, with proof of service, must be filed.

# §253.43 Hearings; variance between pleadings and proof.

A variance between an allegation in a petition under section 705 or a pleading in a proceeding under section 706, and the proof, is not material unless it is so substantial as prejudicially to mislead the board or any party. If a variance is not material, the administrative law judge may admit such proof and the facts may be found accordingly.

# §253.44 Hearings; motions; objections.

Motions made during a hearing and objections with respect to the conduct of a hearing, including objections to the introduction of evidence, shall be stated orally and shall be included in the stenographic report of the hearing. Argument shall not be included in the stenographic report unless the administrative law judge shall so direct.

# §253.45 Hearings; reopening.

(a) Motions for leave to reopen a hearing because of newly discovered evidence shall be timely made.

(b) The board may, in its discretion or on its own motion, reopen a hearing and take further testimony at any time.

# §253.46 Hearings; evidence as to transactions had at informal conferences.

No testimony or evidence shall be given or received at any hearing concerning transactions had or statements or communications made during the conduct or course of any informal conference called and held concerning charges or petitions unless at the hearing all parties shall expressly waive this provision. This provision shall not apply to the giving or receipt of evidence concerning a consent comparison pursuant to section 251.17 hereof.

# §253.47 Decision and order.

Upon completion of a proceeding, the administrative law judge shall issue a decision and order, ruling or report and recommendations as appropriate to the proceeding.

# §253.48 Exceptions to the Board

(a) This Subpart applies to exceptions to the board to decisions, reports, orders, rulings or other appealable findings or determinations.

(b) Within 15 working days after receipt of a decision, report, order, ruling or other appealable findings or conclusions, a party may file with the board an original and three copies of a statement in writing setting forth exceptions thereto or to any other part of the record or proceedings. An original and three copies of a brief in support thereof shall be filed simultaneously as a separate document. A copy of such exceptions and briefs shall be served upon all other parties and proof of such service shall be filed with the board.

(c) The exceptions shall:

(1) set forth specifically the questions or policy to which exceptions are taken;

(2) identify that part of the decision, report, order, ruling or other findings or determinations to which exceptions are taken;

(3) designate by page citation the portions of the record relied upon; and

(4) state the grounds for exceptions. An exception which is not specifically urged is waived.

(d) Within seven working days after receipt of exceptions, any party may file an original and three copies of a response thereto, or cross-exceptions and a brief in support thereof, together with proof of service of copies of these documents upon each party to the proceeding. Within seven working days after receipt of cross-exceptions, any party may file an original and three copies of a response thereto, together with proof of service of a copy thereof upon each party to the proceeding. No pleading other than exceptions, cross-exceptions or a response thereto will be accepted or considered by the board unless it is requested by the board or filed with the board's authorization. Such additional pleadings will not be requested or authorized by the board unless the preceding pleading properly raises issues which are material to the disposition of the matter for the first time. If any additional pleading is requested or authorized by the board, the board shall notify the parties regarding the conditions under which that pleading will be permitted.

(e) A request for an extension of time within which to file exceptions and briefs shall be in writing, and filed with the board before the expiration of the required time for filing exceptions, provided that the time during which to request an extension of time may be extended because of extraordinary circumstances. A party requesting an extension of time shall notify all parties to the proceeding of its request and shall indicate to the board the position of each other party with regard to such request.

(f) If a party desires to argue orally before the board, a written request with reasons therefor shall accompany the exceptions, the response thereto, or the cross-exceptions and be prominently displayed on the first page of the party's papers. The board may grant such a request; it may also direct oral argument on its own motion.

(g) Upon receipt of the case, the board may adopt, modify or reverse the decision, report, order, ruling, finding or determination to which exceptions have been filed.

(h) Unless a party files exceptions in accordance with this Subpart, the decision, report, order, ruling, finding or other determination, or any part thereof will be final, except that the board may, on its own motion, decide to review the remedial action recommended under an improper practice charge within 20 working days after receipt by the parties of the decision and recommended order.

# §253.49 (a)Record in proceedings under section 706.

(a) The record in proceedings under section 706 shall consist of the charge or amended charge, the pleadings, notices of hearing, notices of argument, motions, orders, stipulations, stenographic

minutes, exhibits, depositions, the administrative law judge's decision and order, exceptions and the final decision and order.

(b) If a proceeding under section 706 is predicated in whole or in part upon a prior proceeding under section 705, the record of such prior proceeding shall be deemed a part of the record in the proceeding under section 706 for all purposes.

# §253.50 Record in proceedings under section 705.

The record in proceedings under section 705 shall consist of the petition or amended petition, notices of hearing, notices of argument, motions, orders, stipulations, stenographic minutes, exhibits, depositions, decision and direction of election, report on secret ballot, objections thereto, and certification, dismissal or decision.

# §253.51 Public record.

The record as defined in sections 253.49 and 253.50 shall constitute the public record of the case and shall be made available for inspection or copying under such conditions as the board may prescribe.

# §PART 254 DESIGNATION, POWERS AND DUTIES OF BOARD'S AGENTS

# §254.1 Administrative law judges; powers and duties.

All administrative law judges now or hereafter in the employ of the board, in addition to all powers hereinabove conferred upon them, are hereby designated by the board as its agents:

(a) to conduct and be in full charge and control of any and all hearings;

(b) in connection with such hearings, to have access to and the right to copy evidence, to administer oaths and affirmations, to examine witnesses, to receive evidence, and in connection

Case 1:23-cv-01044-JLS-MJR  Document 129-1  Filed 04/16/25  Page 20 of 30

therewith, to do any and all things necessary and proper to effectuate the policies of SERA and this Subpart.

## §254.2 General.

The foregoing designations are not to be construed to limit the power of the board to make such special designations of agents as may be necessary to effectuate the purposes of SERA, nor shall the foregoing designations be construed as limiting the power of the board at any time to confer upon its agent or agents additional duties.

# §PART 255 SERVICE OF PAPERS

## §255.1 Method; proof.

Charges, petitions, orders and other process and papers of the board, its members, agent or agency, may be served personally, by regular mail,or by leaving a copy at the principal office or place of business of the person to be served. The verified return by the server, setting forth the manner of such service, or the return post office receipt, when registered and mailed as aforesaid, shall constitute proof of service. Final orders issued by the board shall be served upon the parties by registered or certified mail.

## §255.2 Service by a party.

Service of papers by a party may be made personally or by mail. When service is made by mail, a return post-office receipt, or affidavit of service by mail, shall constitute proof of service.

## §255.3 Service upon attorney.

If a party appears by attorney, all papers other than the charge or petition and notice of original hearing may be served as herein above provided upon such attorney, with the same force and effect as though served upon the party.

# §PART 256 CERTIFICATION AND SIGNATURE OF DOCUMENTS

## §256.1 Executive director; certification of papers; notices and reports.

The executive director, or in the event of his or her absence or disability, such other person as may be designated, is authorized to certify copies of all papers and documents which are a part of any of the files or records of the board, to sign and issue all notices or reports of the board.

# §PART 257 CONSTRUCTION, AMENDMENT AND APPLICATION OF RULES

## §257.1 Construction.

These rules and regulations shall be liberally construed and shall not be deemed to limit the powers conferred on the board by SERA.

## §257.2 Amendments.

Any rule or regulation may be amended or rescinded by the board at any time, but such amendment or rescission shall not be effective until published by filing with the Secretary of State.

## §257.3 Application.

These rules and regulations and any amendments thereto shall govern all proceedings filed with the board on and after July 12, 2013. They shall also govern all proceedings then pending, except to the extent that in the judgment of the board their application to such pending proceedings would not be feasible or would work injustice, in which event the general rules and regulations effective on February 1, 1943, as amended on August 1, 1963, shall apply.

# §PART 258 CONCILIATION

∧

# §258.1 Impasses in Collective Bargaining and Assignment of Mediators.

In the event that an employer and a labor organization have failed to achieve an agreement, the employer and the labor organization may jointly notify the board in writing of the existence of an impasse. The notification must be signed by both the labor organization representative and the employer representative. An original and one copy of the notification shall be filed with the director of conciliation. Upon receipt of the notification of an impasse in collective bargaining, the board may appoint a mediator from a list of qualified persons maintained by the board to assist the parties to effectuate a voluntary resolution of the impasse. It is the policy of SERA that the board shall consider and make the parties aware of the availability of federal and other mediation services, and shall give priority in providing mediation services to those parties without access to those other services.

# §258.2 Voluntary interest arbitration

(a) In the event that an employer and a labor organization agree to submit any unresolved issue in bargaining to interest arbitration, they may jointly request the assistance of the board in providing for such arbitration by a letter directed to the director of conciliation.

(b) The written request shall be accompanied by a copy of the submission.

(c) An arbitrator shall be designated pursuant to the selection process established by the director of conciliation, which process will give the parties an opportunity to participate in the selection of the arbitrator.

# §258.3 Resolution of Labor Disputes.

The board delegates to its Chairperson, or his or her designee, the authority to take such steps under sections 702 and 702-a.1 of SERA deemed expedient and efficient to effectuate a voluntary, amicable and expeditious adjustment and settlement of the differences and issues between an

Case 1:23-cv-01044-JLS-MJR
Document 129-1   Filed 04/16/25

employer, labor organization or employees concerning an existing, imminent or threatened labor dispute.

# §258.4 Policy regarding grievance arbitration.

It is the policy of SERA for the board to have the power at the request of the parties to a collective bargaining agreement between an employer and a labor organization to arbitrate such grievances as may arise under the agreement and to establish panels of qualified persons to be available to serve as arbitrator of such grievances. In furtherance of this policy, the following voluntary arbitration rules of procedure are provided to (a) insure an efficient and orderly procedure for grievance arbitration, (b) assist the parties in remedying procedural deadlocks, and (c) effectuate the rapid adjudication of disputes and controversies.

# §258.5 Panel of arbitrators.

(a) The board shall maintain a panel of arbitrators who qualify and meet the board's standards and criteria of professional competence, impartiality and acceptability. All applicants requesting inclusion on the panel shall be reviewed by the board on the basis of their education, experience and expertise in the field of labor arbitration or its equivalent, and general reputation in the practice of labor-management relations. Careful evaluation, subject to the above standards and criteria, shall be made before an applicant is included on the panel of arbitrators.

(b) Inclusion in good standing on the panel shall be conditioned on the arbitrator assuming the responsibility of keeping the director of conciliation immediately informed of any changes in address, availability limitations, per diem rate, and occupation. The board shall periodically review the panel of arbitrators and shall at any time take appropriate action, including removal of the arbitrator from the panel, where the arbitrator has not adhered to the board's policies and this Subpart.

# §258.6 Agreement to arbitrate.

Either party or both parties to a written agreement may request the director of conciliation to commence the administration of these voluntary arbitration rules of procedure if, in their agreement, the parties have provided for arbitration. The voluntary arbitration rules of procedure shall apply in the form obtaining at the time the arbitration is initiated.

# §258.7 Demand for arbitration; submission to^ arbitrate.

(a) Demand for arbitration (request made by one party to the other). Petitioner shall serve on the respondent a demand for arbitration which shall serve as notice of intention to arbitrate pursuant to CPLR section 7503. Such notice shall be served in the same manner as the summons or by registered or certified mail, return receipt requested. In addition, two copies of the demand for arbitration shall be filed with the director of conciliation together with proof of service on the respondent.

(b) Contents of demand for arbitration. A demand for arbitration shall include the following:

(1) date;

(2) name of petitioner;

(3) name of respondent;

(4) name, title, address and telephone number of the representative of each party to whom correspondence from the director of conciliation shall be directed;

(5) effective date and expiration date of agreement;

(6) identification of the provision(s) in the agreement providing for arbitration, together with a copy thereof;

(7) identification of the provision(s) in the agreement claimed to be violated, together with a copy thereof;

(8) a clear and concise description of the nature of the dispute(s) to be arbitrated and the remedy(ies) sought (include the name of the grievant);

(9) the following language, quoted verbatim:

"THE UNDERSIGNED, A PARTY TO A WRITTEN AGREEMENT WHICH PROVIDES FOR ARBITRATION AS DESCRIBED HEREWITH, HEREBY DEMANDS ARBITRATION. YOU ARE HEREBY NOTIFIED THAT COPIES OF THIS DEMAND FOR ARBITRATION ARE BEING FILED WITH THE DIRECTOR OF CONCILIATION, NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, PO

Case 1:23-cv-01044-JLS-MJR Document 129-1 Filed 04/16/25 Page 25 of 30

BOX 2074, ESP AGENCY BLDG. 2, ALBANY, NEW YORK 12220-0074 WITH THE REQUEST THAT THE ADMINISTRATION OF THE VOLUNTARY ARBITRATION RULES OF PROCEDURE BE COMMENCED.

PURSUANT TO THE NEW YORK ARBITRATION LAW, ARTICLE 75, SECTION 7503, CIVIL PRACTICE LAW AND RULES, YOU HAVE TWENTY (20) DAYS FROM DATE OF SERVICE OF THIS DEMAND TO APPLY TO STAY THE ARBITRATION OR BE PRECLUDED FROM SUCH APPLICATION."

(10) signature and title of the representative serving the demand for arbitration.

(c) Submission to arbitrate (joint request). Parties to an arbitration agreement may jointly request arbitration by forwarding a submission to arbitrate to the director of conciliation.

(d) Contents of submission to arbitrate. A submission to arbitrate shall include the following:

(1) date;

(2) name of public employer and labor organization;

(3) name, title, address and telephone number of the representative of each party to whom correspondence from the director of conciliation shall be directed;

(4) identification of the provision(s) in the agreement claimed to be violated, together with a copy thereof;

(5) a clear and concise description of the nature of the dispute(s) to be arbitrated and the remedy(ies) sought (include the name of the grievant);

(6) the following language, quoted verbatim:

"THE PARTIES NAMED HEREIN HEREBY JOINTLY REQUEST BINDING ARBITRATION OF THE DISPUTE DESCRIBED HEREIN UNDER THE VOLUNTARY ARBITRATION RULES OF PROCEDURE OF THE NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD."

(7) signatures and titles of the representatives filing the submission to arbitrate.

# §258.8 Determination of jurisdiction.

(a) Where this Subpart has been incorporated by reference into an agreement to arbitrate, it shall be deemed binding on the parties as a valid part of such agreement.

(b) Where no agency's rules of procedure for arbitration have been incorporated by reference into an agreement to arbitrate, the board's jurisdiction will not attach in the matter until a submission to arbitrate has been received by the director of conciliation or until the respondent has been served with a demand for arbitration and the time limit to apply for a stay of arbitration, as provided in CPLR section 7503, has expired. In the event no application for a stay is made within the specified time limit, the board's jurisdiction shall attach and this Part shall be deemed binding on the parties as a valid part of their agreement to arbitrate.

# §258.9 Arbitrability.

(a) Should either party contest the arbitrability of a grievance, the director of conciliation shall make no determination as to whether the grievance is a proper subject for arbitration. The director of conciliation's responsibilities throughout the application of this Subpart are administrative and, therefore, commencement of the administration of this Subpart shall be construed as compliance with a request.

(b) The board encourages parties to submit arbitrability questions to the arbitrator for determination. However, should the party served with a demand for arbitration pursue the legal remedies for a stay of arbitration in accordance with CPLR section 7503, a copy of the application to stay arbitration shall be filed with the director of conciliation within 20 days of service of the demand for arbitration.

(c) Upon timely receipt of a copy of the application to stay arbitration, the director of conciliation shall hold in abeyance the designation of the arbitrator pending final court determination of the arbitrability question. Absent timely receipt, the administrative responsibilities of the director of conciliation shall be carried out pursuant to this Part.

# §258.10 Selection process.

After receipt of a demand for arbitration or submission to arbitrate, the director of conciliation shall forward to the representatives named therein two copies of an identical panel list of seven arbitrators selected from the panel of arbitrators. A resume, including per diem fee, of each arbitrator on such panel list shall be provided for the parties' review. Each party shall have 10 days

from date of the letter containing the panel list in which to select, rank and return their selections to the director of conciliation.

(a) Selection and preferential ranking. Unless the parties have provided for their own method of selecting an arbitrator in their agreement to arbitrate, the following process for the selection of an arbitrator shall be employed: if more than four names on the panel list are acceptable, those names shall be ranked in order of the party's preference and the remaining name, if any, shall be stricken. Otherwise the party shall strike no more than three names from the panel list and indicate a preference among those names remaining by ranking them (1), (2), (3) and (4).

(b) Additional lists. If a party determines that more than three names on a panel list are unacceptable, a request by such party for an additional panel list shall be filed with the director of conciliation within the 10-day time period established for selection and preferential ranking. A copy of such request shall be sent to the other party simultaneously. Each party shall have the right to request one additional list, and consequently, no party shall receive more than three panel lists. Pursuant to the selection process, if the parties fail to select an arbitrator after the submission of a third panel list, the director of conciliation shall take whatever steps are necessary to designate an arbitrator.

(c) Designation of the arbitrator. (1) Timely receipt of selections. Upon timely receipt of each party's selections and consistent with their selected order of preference, the director of conciliation shall designate the arbitrator. If the designated arbitrator declines or is unable to serve, the director of conciliation shall reserve the right to designate an arbitrator without the submission of an additional panel list. In no case, however, will an arbitrator be designated whose name was stricken by either or both parties.

(2) Failure to timely return selections. If a party fails to timely return its selections to the director of conciliation, all names submitted in the panel list shall be deemed acceptable to such party and the designation of the arbitrator shall be made according to the preferences of the party whose selections have been timely received.

# §258.11 Notice of designation.

(a) The parties shall be notified forthwith by the director of conciliation of the name of the designated arbitrator.

(b) The arbitrator, upon notification of designation by the director of conciliation, shall immediately communicate directly with the parties to make arrangements for preliminary matters such as the

date, time and place of the arbitration hearing. If the arbitrator cannot schedule a hearing and determine the issues promptly, the arbitrator shall notify the director of conciliation forthwith. The director of conciliation shall take such action, consistent with this Part, as the director of conciliation deems appropriate.

# §258.12 Status of arbitrator after designation; conduct of proceedings.

After designation, the legal relationship of the arbitrator is with the parties, rather than the board. While the board shall maintain a continuing interest in the proceedings, the designated arbitrator shall not be considered an agent or representative of the board. The conduct of the arbitration proceeding shall be under the arbitrator's exclusive jurisdiction and control, subject to such rules of procedure as the parties may jointly agree upon. The arbitrator shall have all of the power specified in CPLR sections 7505, 7506 and 7509 insofar as these sections may be applicable. The arbitrator's conduct shall conform to applicable laws.

# §258.13 Stenographic record and transcript.

(a) Either party or the arbitrator may request that a stenographic record of testimony be taken and that party shall be responsible for arrangements for such stenographic record.

(b) The party or parties requesting the record shall pay the cost thereof, including the cost of a transcript to be furnished to the arbitrator. If the arbitrator orders that testimony be recorded, the cost of recording the testimony shall be mutually shared by the parties, including the cost of a transcript to be furnished to the arbitrator. Any other party to the arbitration shall be entitled to obtain a transcript upon payment therefor. The arbitrator shall indicate whether or not the transcript taken shall serve as the official record of the proceeding.

# §258.14 Award upon settlement.

The commencement of the administration of this Subpart shall in no way preclude the parties from adjusting the dispute on their own at any time before or during an arbitration hearing. If a settlement has been reached between the parties, the arbitrator, upon joint request of the parties, may set forth the terms of the settlement in the form of an award.

# §258.15 Expedited rendition of award.



(a) Should the parties mutually agree to an expedited rendition of the arbitrator's award, notice in the form of a joint request in writing shall be received by the director of conciliation before the designation of the arbitrator.

(b) The decision of the arbitrator shall be in the form of an award only, and shall be rendered within seven days after the arbitrator has declared the hearing closed.

# §258.16 Form of award and time rendered.

(a) The award shall be in writing, signed and affirmed by the arbitrator, and shall be delivered to the parties either personally or by registered or certified mail, return receipt requested. If no period of time for the rendition of an award has been specified in the agreement and the parties have not mutually agreed to an expedited rendition of the award, as provided in section 207.12 of this Part, an award shall be rendered within 30 days after the arbitrator has declared the hearing closed, unless this time period has been extended by the parties and so confirmed by them in writing.

(b) If no award has been rendered within 60 days after the arbitrator has been designated, it shall be the responsibility of the arbitrator to inform the director of conciliation of the status of the case. In any case, the parties shall notify the director of conciliation of any undue delay.

# §258.17 Time extension.

Except as prescribed by statute, upon request of any party, with notice to the other party, the director of conciliation, for good cause shown, may extend any time limit in this Part except the time limit for rendering an award.

# §258.18 Expenses and fees.

(a) An administrative fee per party shall be charged by the board for its administrative services.

(b) The arbitrator's per diem fee, certified in advance by the arbitrator to the board and listed on the arbitrator's resume, shall be the rate charged to the parties. Compensation for the services of an arbitrator, including required travel and other necessary and incidental expenses, shall be borne

Case 1:23-cv-01044-JLS-MJR    Document 129-1    Filed 04/16/25    Page 30 of 30

completely by the parties. Each party shall pay 50 percent of such fees and expenses, unless otherwise mutually agreed upon in writing by the parties.

c) An arbitrator who requires the payment of an adjournment fee in the event of a postponement or cancellation of a scheduled hearing by either or both parties, shall give proper notice on his or her resume. Unless otherwise mutually agreed upon in writing by the parties, the party responsible for such adjournment shall pay the entire fee, and in the case where both parties require adjournment, each party shall pay 50 percent of such adjournment fee.