UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

NEW YORK STATE VEGETABLE
GROWERS ASSOCIATION, INC; A &
J KIRBY FARMS, LLC; PORPIGLIA
FARMS, INC.; CRIST BROS.
ORCHARDS, INC.; CAHOON FARMS,
INC.; LYNN-ETTE & SONS, INC.,

    Plaintiffs,

  v.

LETITIA JAMES, in her official
capacity as Attorney General of New
York; SARAH G. COLEMAN, in her
official capacity as the Deputy Chair of
the New York Public Employment
Relations Board; MARIAM
MANICHAIKUL, in her official
capacity as the Director of the New
York Public Employment Relations
Boards Office of Private Employment
Practices & Representation and an
Administrative Law Judge of New York
Public Employment Relations Board;
TIMOTHY CONNICK, *in his official
capacity as Chairperson and Member of
the New York Public Employment
Relations Board*,

    Defendants

23-CV-1044 (JLS) (MJR)

---

## DECISION AND ORDER

  Plaintiffs, New York State Vegetable Growers Association, Inc., and five New York State farms, commenced this case in October 2023, alleging claims against Defendants, New York State Attorney General Letitia James and officials from the

New York State Public Employment Relations Board ("PERB"), and claiming that the 2020 amendments to the State Employment Relations Act, enacted as part of the Farm Laborers Fair Labor Practices Act, violate the United States Constitution in various ways. *See* Dkt. 1. After litigation in this Court regarding a preliminary injunction and an appeal to the Second Circuit, Plaintiffs filed an amended complaint in April 2025. Dkt. 129.

On May 21, 2025, Ricardo Bell and Jean Estrame moved to intervene as plaintiffs. Dkt. 131. Plaintiffs filed a response in support of the motion to intervene. Dkt. 134. Defendants did not respond.

On December 9, 2025, Judge Roemer[1] issued a Report and Recommendation ("R&R"), recommending that this Court grant Bell and Estrame's motion to intervene. Dkt. 156. No party filed objections, and the time to do so has passed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[1] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 126.

2

This Court carefully reviewed the R&R and the relevant record. Based on that review, the Court accepts Judge Roemer's recommendation.

For the reasons stated above, and in the R&R, this Court GRANTS Bell and Estrame's motion to intervene (Dkt. 131). The case remains with Judge Roemer for further proceedings, consistent with the referral order at Dkt. 126.

SO ORDERED.

Dated:   January 8, 2026
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE